ALAN ADELMAN, ESQ.   BAR NO:  170860
LAW OFFICES OF ALAN ADELMAN
240 Stockton Street, 4th Floor
Union Square
San Francisco, California  94108
Telephone:  (415) 956-1376
Facsimile:  (415) 358-4060

Attorney for Plaintiff
STEVEN PALACIOS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN PALACIOS, | CASE NUMBER: |
| Plaintiff, | **COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| vs. | |
| COMCAST CORPORATION, | |
| Defendant. | |

Plaintiff STEVEN PALACIOS ("Plaintiff") alleges as follows:

**JURISDICTION AND INTRA-DISTRICT ASSIGNMENT**

1.   The jurisdiction of this Court is invoked under the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1343, as an action arising under the laws of the United States; under the provisions of the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., as amended by the ADA Amendments Act of 2008 ("ADAAA").   Jurisdiction of this court is further invoked under the provisions of the Family and Medical Leave Act, 29 U.S.C. §2601 et seq.. The jurisdiction of this Court is also invoked under the provisions of 28 U.S.C. § 1332 and 28 U.S.C. § 1441 and 1446, as the parties are citizens of different states and the amount in controversy exceeds $75,000. This court has jurisdiction over Plaintiff's supplemental state law claims

**COMPLAINT; DEMAND FOR JURY TRIAL**

under 28 U.S.C. §1367(a).

2. Pursuant to Civil L.R. 3-2(e), this case should be assigned to the San Jose Division, as this case arises in Santa Clara County, California.

**PARTIES**

3. Plaintiff is a natural person residing in Santa Clara County, California. At all relevant times, Plaintiff was employed by Defendant COMCAST CORPORATION ("Defendant") in Santa Clara County, California.

4. Plaintiff is informed and believes, and on that basis alleges, that at all times stated herein, Defendant is and was a Pennsylvania corporation which has engaged in business within the County of Santa Clara, State of California.

**ADMINISTRATIVE EXHAUSTION**

5. On December 4, 2013, Plaintiff caused to be delivered via U.S. mail for filing with the United States Equal Employment Opportunity Commission ("EEOC") a Charge alleging that Defendant discriminated against Plaintiff on the basis of disability, failed to engage in the interactive process, failed to provide Plaintiff reasonable accommodation and retaliated against Plaintiff and terminated Plaintiff's employment because of Plaintiff's physical disability and need for medical leave and other accommodation. Plaintiff's Charge was dual-filed through the EEOC with the California Department of Fair Employment and Housing ("DFEH").

6. On January 23, 2014, the EEOC issued DFEH and EEOC Notices of Right-to-Sue in association with Plaintiff's aforementioned dual-filed DFEH and EEOC Charge.

7. All administrative exhaustion requirements have been timely fulfilled as to Defendant and as to each cause of action.

**GENERAL ALLEGATIONS**

8. On or about May 9, 2005, Plaintiff began working for Defendant in the position of CommTech 1, Installation & Service.

9. Over the course of Plaintiff's employment, Plaintiff earned multiple pay raises.

10. Throughout Plaintiff's employment, Plaintiff understood that his overall performance met Defendant's expectations.

11. In December 2009 Plaintiff suffered a significant injury to his back.

12. Due to the severity of Plaintiff's back condition, Plaintiff has been substantially limited in Plaintiff's ability to engage in several major life activities from December 2009 to the present, including but not limited to such activities as standing, walking, bending, squatting, lifting, pushing, pulling, sleeping and working.

13. Due to the chronic nature of Plaintiff's back condition, Plaintiff has sought medical treatment on an ongoing basis from December 2009 to the present.

14. Plaintiff promptly advised Defendant of Plaintiff's back disability and need for accommodation.

15. The symptoms of Plaintiff's condition have been such that on some days, Plaintiff was completely unable to work. On other days, Plaintiff was able to work.

16. Accordingly, Plaintiff requested the accommodation of intermittent medical leave on those days that Plaintiff was not physically able to work.

17. Throughout the remainder of Plaintiff's employment, Plaintiff was certified with Defendant as being on an intermittent leave under the Family and Medical Leave Act ("FMLA") and the California Family Rights Act ("CFRA").

18. Due to the unpredictable nature of when Plaintiff's symptoms associated with Plaintiff's back disability would become exacerbated to the extent that Plaintiff could not work, Plaintiff was authorized to take up to four work days off each month on an intermittent basis on those days when Plaintiff's symptoms were such that Plaintiff was unable to work.

19. Plaintiff also made efforts to initiate the interactive process with Defendant of identifying whether any other accommodations may be available, including but not limited to restricting the tasks which Plaintiff was to perform in his position or to identify another vacant position which Plaintiff was qualified to perform.

20. Defendant never honored Plaintiff's requests to engage in the interactive process.

21. On August 27, 2013, in violation of Defendant's own policies and procedures regarding employee discipline involving attendance issues, Defendant terminated Plaintiff's employment while Plaintiff was continuing to seek treatment for Plaintiff's back disability and while Plaintiff continued to need the aforementioned accommodations.

22. Defendant asserted that the reason for terminating Plaintiff's employment was Plaintiff's poor attendance and because "the employee continues to display a pattern of manipulating the attendance policy."

23. In Defendant's termination notice, Defendant specifically identified Plaintiff's absences on the following dates in 2013 as grounds for Defendant's termination of Plaintiff's employment: April 24-26, May 11, May 14-15, June 25, July 12-13, July 25, August 2-3, and August 21.

24. On April 24-26, 2013, Plaintiff was absent due to Plaintiff's back disability.

25. Plaintiff notified Defendant that these three days of absence were specifically certified for FMLA protection by Plaintiff's Kaiser physician, Jason Chang, M.D.

26. On May 11, 14 and 15, 2013, Plaintiff was absent from work due to Plaintiff's back disability.

27. Plaintiff reported to his manager Plaintiff's need for leave on May 11, 14 and 15 due to Plaintiff's back disability.

28. Plaintiff notified Defendant through a doctor's note authored by Dr. Chang that Plaintiff needed leave on May 11, 14 and 15 due to Plaintiff's back condition and that the leave should be protected under the FMLA.

29. Plaintiff's manager advised Plaintiff that May 11, 14 and 15 would be designated as authorized and paid kin care "flex" days.

30. Defendant compensated Plaintiff for his May 11, 14 and 15 absences due to Defendant identifying these three work days as being authorized "flex days".

31. Defendant did not advise Plaintiff that May 11, 14 or 15 were in any way unauthorized or in violation of any attendance policy.

**COMPLAINT; DEMAND FOR JURY TRIAL** 4

32. In fact, May 11, 14 and 15 should have been designated by Defendant as FMLA leave in light of Plaintiff's notification to Plaintiff's manager of Plaintiff's need for the leave due to Plaintiff's back disability.

33. On June 25, 2013, Plaintiff was absent due to Plaintiff's back disability.

34. Plaintiff notified Defendant through a doctor's note authored by Dr. Chang that Plaintiff needed leave on June 25, 2013 due to Plaintiff's back condition and that the leave should be protected under the FMLA.

35. On July 12-13, 2013, Plaintiff was absent due to Plaintiff's back disability.

36. Plaintiff notified Defendant through a doctor's note authored by Dr. Chang that Plaintiff needed leave on July 12-13 due to Plaintiff's back condition and that the leave should be protected under the FMLA.

37. On July 25, 2013, Plaintiff was absent due to Plaintiff's back disability.

38. Plaintiff notified Defendant through a doctor's note authored by Dr. Chang that Plaintiff needed leave on July 25, 2013 due to Plaintiff's back condition and that the leave should be protected under the FMLA.

39. On August 2-3, 2013, Plaintiff was absent due to a pre-planned vacation of which Plaintiff's manager was fully aware.

40. Despite Plaintiff having notified Defendant of Plaintiff's need for vacation leave over thirty days in advance, Defendant rejected Plaintiff's request and this leave was unpaid.

41. On August 21, 2013, Plaintiff needed the day off to take his son to his first day of Kindergarten.

42. Plaintiff advised Defendant that Plaintiff needed to be on leave from work on August 21, 2013 in order to take Plaintiff's son to his first day of Kindergarten.

43. No legitimate business reason existed for Defendant to terminate Plaintiff's employment.

44. It would not have caused Defendant an undue hardship to have allowed Plaintiff to remain on intermittent medical leave on those days which Plaintiff was completely unable to work.

45. By terminating Plaintiff's employment, Defendant was refusing to reasonably accommodate Plaintiff's disability through the provision of the requested intermittent medical leave.

46. Defendant refused to engage in the interactive process in good faith to determine the extent to which Plaintiff could perform the essential functions of Plaintiff's job, or another vacant job, with or without reasonable accommodation.

47. Defendant terminated Plaintiff's employment due to Plaintiff's disabilities and due to Plaintiff's need for accommodations.

48. Defendant terminated Plaintiff in retaliation against Plaintiff for requesting intermittent medical leaves to seek treatment for and to recover from Plaintiff's serious health conditions.

49. Defendant interfered with and refused to provide Plaintiff with the ongoing intermittent medical leave which Plaintiff needed and to which Plaintiff was entitled to seek treatment for, and to recover from, Plaintiff's chronic back injury.

**FIRST CAUSE OF ACTION**
**(VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993)**

50. Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

51. Defendant was at all relevant times Plaintiff's "employer" within the meaning of that term as defined under the FMLA, 29 U.S.C. section 2611(4)(A). Specifically, during all relevant times, Defendant employed at least 50 employees within 75 miles of Plaintiff's work location.

52. Plaintiff was at all relevant times Defendant's "employee" within the meaning of that term as defined under the FMLA, 29 U.S.C. section 2611(2)(A). Specifically, Plaintiff was employed by Defendant greater than 12 months and 1,250 hours as of the final year of Plaintiff's employment.

53. Defendant interfered with, discriminated against and terminated Plaintiff in retaliation for Plaintiff's stated need for and taking of a protected medical leave, in violation of the FMLA.

54. As a result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered lost past and future wages and benefits, and other compensatory damages in an amount according to proof at trial.

55. Defendant committed the acts alleged herein willfully. Plaintiff is entitled to recover liquidated damages from Defendant in an amount according to proof at trial.

56. As a result of Defendant's interference, discrimination and retaliation as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and litigation costs, pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT OF 1991)

57. Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

58. Plaintiff has fulfilled all administrative prerequisites to the filing of this cause of action.

59. Defendant was at all relevant times Plaintiff's "employer" within the meaning of California Government Code section 12945.2(B)(2) and, as such, barred from discriminating in employment decisions on the basis of the CFRA, California Government Code §12945.2. Specifically, during all relevant times, Defendant employed over 50 employees within 75 miles of the work location where Plaintiff was employed.

60. Plaintiff was at all material times an "employee" covered by California Government Code section 12945.2. Specifically, Plaintiff was employed by Defendant for over twelve months and worked for Defendant over 1,250 hours during the final year of Plaintiff's employment.

61. Defendant interfered with, discriminated against, retaliated against and ultimately terminated Plaintiff because of Plaintiff's stated need for and taking of medical leave to seek treatment for, and to recover from, Plaintiff's serious health condition, in violation of California Government Code §12945.2.

62. As a result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered lost past and future wages and benefits, and other compensatory damages in an amount according to proof at trial.

63. As a proximate result of Defendant's interference, discrimination and retaliation, Plaintiff has suffered and continues to suffer embarrassment, anxiety, humiliation and emotional distress all to his damage in an amount according to proof at trial.

64. Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged

herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

65. As a result of Defendant's conduct as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and litigation costs, pursuant to California Government Code § 12965(b).

WHEREFORE Plaintiff prays for judgment as set forth below.

### THIRD CAUSE OF ACTION
### (DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AS AMENDED BY THE ADA AMENDMENTS ACT 0F 2008)

66. Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

67. Plaintiff has fulfilled all administrative prerequisites to the filing of this cause of action.

68. Defendant is a "covered entity" pursuant to 42 USC §12111(2); 29 CFR §1630.2(b).

69. Plaintiff was an "individual with a disability" pursuant to 42 U.S.C. §12102(1); 29 CFR §1630.2. More specifically, Plaintiff suffered from a physical disability that substantially limited one or more of Plaintiff's major life activities, Plaintiff had a record of having such a disability, and Plaintiff was regarded by Defendant as having such a disability.

70. At all relevant times, Plaintiff was a "qualified individual with a disability" pursuant to 42 U.S.C. §12112(a); 29 CFR §1630.2(m). More specifically, Plaintiff was an individual with a disability who, either with or without reasonable accommodation, could perform the essential functions of Plaintiff's former position with Defendant and/or another vacant position.

71. Defendant's refusal to offer to Plaintiff reasonable accommodation which would allow Plaintiff to perform the essential functions of Plaintiff's position, or another vacant position, as alleged more particularly above, constitutes unlawful discrimination pursuant to 42 U.S.C. §12112(b)(5)(A); 29 CFR §1630.9.

**COMPLAINT; DEMAND FOR JURY TRIAL** 8

72. Defendant's conduct in limiting Plaintiff in Plaintiff's employment so as to adversely affect Plaintiff's opportunities and status because of Plaintiff's disability, as alleged more particularly above, constitutes unlawful discrimination pursuant to 42 U.S.C. §12112(b)(1); 29 CFR §1630.5.

73. Defendant's conduct in terminating Plaintiff's employment because of Plaintiff's disability, as alleged more particularly above, constitutes unlawful discrimination pursuant to 42 U.S.C. §12112; 29 CFR §1630.4(b).

74. As a direct and proximate result of Defendant's discrimination against Plaintiff because of Plaintiff's disability, Plaintiff has suffered lost wages and benefits, and lost employment and advancement opportunities, both past and future.

75. As a further direct and proximate result of Defendant's discrimination against Plaintiff because of Plaintiff's disability, Plaintiff has suffered and will continue to suffer substantial damages for emotional distress, humiliation, pain and suffering and loss of enjoyment of life.

76. Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

77. As a result of Defendant's discriminatory conduct, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees, litigation costs, and expert witness fees pursuant to 42 U.S.C.§ 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e-5(k).

WHEREFORE Plaintiff prays for judgment as set forth below

**FOURTH CAUSE OF ACTION**
**(DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT)**

78. Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

79. Plaintiff has fulfilled all administrative prerequisites to the filing of this cause of action.

80. Defendant was at all material times Plaintiff's employer within the meaning of California Government Code section 12926(d) and, as such, was barred from discriminating against Plaintiff in employment decisions and practices on the basis of Plaintiff's disability pursuant to California Government Code §12940(a).

81. Plaintiff has been at all material times a qualified individual with a disability pursuant to California Government Code §12926, as Plaintiff was an individual with disabilities who could perform the essential functions of Plaintiff's position, or another vacant position, with or without reasonable accommodation.

82. Defendant discriminated against Plaintiff because of Plaintiff's disability by refusing to provide Plaintiff reasonable accommodation for Plaintiff's known disability and by terminating Plaintiff's employment because of Plaintiff's disability, Defendant's perception of Plaintiff as being a person with a disability, and because of Plaintiff's request for accommodation, all in violation of §12940(a).

83. As a direct and proximate result of Defendant's discrimination against Plaintiff because of Plaintiff's disability, Plaintiff has suffered wage losses and benefits, and lost employment and advancement opportunities, both past and future.

84. As a further direct and proximate result of Defendant's discrimination against Plaintiff because of Plaintiff's disability, Plaintiff has suffered and will continue to suffer substantial damages for pecuniary losses, emotional distress, loss of enjoyment of life, and other nonpecuniary losses.

85. Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

86. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and litigation costs, as provided by California Government Code section 12965(b).

WHEREFORE, Plaintiff prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION
### (FAILURE TO PROVIDE REASONABLE ACCOMMODATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT)

87. Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

88. Plaintiff has fulfilled all administrative prerequisites to the filing of this cause of action.

89. Defendant failed and refused to provide Plaintiff reasonable accommodation for Plaintiff's disability in violation of California Government Code §12940(j)(1).

90. As a direct and proximate result of Defendant's failure and refusal to provide reasonable accommodation for Plaintiff's known disability, Plaintiff has suffered lost wages and benefits, and lost employment and advancement opportunities, both past and future.

91. As a further direct and proximate result of Defendant's failure and refusal to provide reasonable accommodation for Plaintiff's known disability, Plaintiff has suffered and will continue to suffer substantial damages for pecuniary losses, emotional distress, loss of enjoyment of life, and other nonpecuniary losses.

92. Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

93. As a result of Defendant's failure and refusal to provide reasonable accommodation for Plaintiff's known disability, Plaintiff is entitled to reasonable attorneys' fees and litigation costs, as provided by California Government Code section 12965(b).

WHEREFORE, Plaintiff prays for judgment as set forth below.

## SIXTH CAUSE OF ACTION
### (FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS SO AS TO IDENTIFY AND PROVIDE A REASONABLE ACCOMMODATION FOR A DISABILITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT)

94. Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

95. Plaintiff has fulfilled all administrative prerequisites to the filing of this cause of action.

96. Defendant failed and refused to engage in good faith in an interactive, fact-gathering process with Plaintiff to ascertain the scope, nature and extent of Plaintiff's need for reasonable accommodation in violation of California Government Code §12940(n).

97. As a direct and proximate result of Defendant's failure and refusal to engage in the interactive process, Plaintiff has suffered lost wages and benefits, and lost employment and advancement opportunities, both past and future.

98. As a further direct and proximate result of Defendant's failure and refusal to engage in the interactive process, Plaintiff has suffered and will continue to suffer substantial damages for pecuniary losses, emotional distress, loss of enjoyment of life, and other nonpecuniary losses.

99. Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

100. As a result of Defendant's failure and refusal to engage in the interactive process, Plaintiff is entitled to reasonable attorneys' fees and litigation costs, as provided by California Government Code section 12965(b).

WHEREFORE, Plaintiff prays for judgment as set forth below.

## SEVENTH CAUSE OF ACTION
### (WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY)

101. Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as

if fully set forth herein.

102. The wrongful termination of Plaintiff's employment was in violation of the public policies of the State of California and the United States of America in that Plaintiff was discriminated against, retaliated against and, ultimately, terminated due to Plaintiff's disabilities and need for medical leave and accommodation, in violation of the ADAAA, the FEHA, the CFRA and the FMLA.

103. As a result of the wrongful termination of Plaintiff's employment in violation of the ADAA, the FEHA, the CFRA and the FMLA, Plaintiff has suffered lost past and future wages and benefits, and other compensatory damages in an amount according to proof at trial.

104. As a proximate result of Defendant's retaliatory and discriminatory conduct, Plaintiff has suffered and continues to suffer embarrassment, anxiety, humiliation, emotional distress and pain and suffering all to his damage in an amount according to proof at trial.

105. Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

WHEREFORE Plaintiff prays for judgment as set forth below.

WHEREFORE, Plaintiff requests judgment in Plaintiff's favor and against Defendant for all causes of action as follows:

1. For past and future economic damages including, but not limited to, lost past and future wages and benefits and earning capacity, and for interest thereon;

2. For past and future non-economic damages including, but not limited to, past and future mental and emotional distress, pain and suffering and other general damages suffered by Plaintiff, according to proof at trial;

3. For punitive damages;

4. For liquidated damages under the provisions of the FMLA;

5. For reasonable attorney's fees incurred by Plaintiff herein;

6. For costs of suit incurred herein; and

7. For such other and further relief as this Court considers just and proper.

DATED: January 28, 2014          LAW OFFICES OF ALAN ADELMAN

                                                      By:   /s/ Alan Adelman
                                                                ALAN ADELMAN
                                                                Attorney for Plaintiff
                                                                STEVEN PALACIOS

### JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this complaint.

Dated: January 28, 2014          LAW OFFICES OF ALAN ADELMAN

                                                      By:   /s/ Alan Adelman
                                                                ALAN ADELMAN
                                                                Attorney for Plaintiff
                                                                STEVEN PALACIOS